No. 90-563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MARY ANNE YOUNG,

    Petitioner and Appellant,

  v.

JOHN'S IGA,

    Employer,

  and

STATE COMPENSATION
INSURANCE FUND,

    Respondent and Respondent.

APPEAL FROM:   Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Don Edgar Burris, Esq., Billings, Montana

    For Respondent:

        Kelly O'Sullivan, Esq., Agency Legal Services,
        Helena, Montana

FILED

MAR 28 1991

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  February 28, 1991

Decided:  March 28, 1991

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Mary Anne Young appeals an order of the Workers' Compensation Court denying her the right to refuse to submit to an examination by an independent medical panel. We affirm.

The issue is whether a claimant has the right to refuse to attend and be examined by an independent medical panel because her attorney is suing the chairman of the panel and the clinic for malpractice.

Claimant Mary Anne Young filed a claim for workers' compensation benefits for a September 26, 1987, industrial injury arising out of her employment. In March 1990, the State Compensation Mutual Insurance Fund (State Fund) notified Young that she had been scheduled for an independent medical evaluation by the Yellowstone Valley Medical Evaluation Panel. The evaluation was to occur May 7 through May 10, 1990.

In April 1990, Young's attorney requested in writing that the examination be rescinded because he had a malpractice action pending against the chairman of the panel and was contemplating another action against him. The State Fund denied that request. Young's attorney then filed a request for mediation of the dispute. The State Fund contested the jurisdiction of the mediator.

In the meantime, the appointment for the examination was confirmed with Young. The State Fund paid Young $209.20 for her travel and lodging expenses, but she did not attend the appoint-

ment. On May 10, 1990, the mediator dismissed the request for mediation because no dispute over benefits was involved.

On May 31, 1990, Young filed an emergency petition before the Workers' Compensation Court. The case was submitted to the court on an agreed statement of facts. On June 19, 1990, before the court issued its opinion, the State Fund informed Young in writing that it would continue to pay her benefits, under a reservation of rights to a refund of benefits paid from the time of her refusal to attend the medical examination.

The Workers' Compensation Court determined that under § 39-71-605, MCA, Young did not have the right to refuse to submit to the medical examination. The court stated that Young's safeguards against bias or unfairness in the examination are her right to have a physician present at the examination and her right to cross-examine the doctors at trial. It ordered that her workers' compensation benefits be suspended from May 7, 1990, until she attends a medical examination as requested by the State Fund.

Section 39-71-605, MCA, is the controlling statute. It provides:

> **Examination of employee by physician -- effect of refusal to submit to examination -- report and testimony of physician -- cost.** (1)(a) Whenever in case of injury the right to compensation under this chapter would exist in favor of any employee, he shall, upon the written request of the insurer, submit from time to time to examination by a physician or panel of physicians, who shall be provided and

3

paid for by such insurer, and shall likewise submit to examination from time to time by any physician or panel of physicians selected by the department.

(b) The request or order for such examination shall fix a time and place therefor, due regard being had to the convenience of the employee and his physical condition and ability to attend at the time and place fixed. The employee shall be entitled to have a physician present at any such examination. So long as the employee, after such written request, shall fail or refuse to submit to such examination or shall in any way obstruct the same, his right to compensation shall be suspended. Any physician or panel of physicians employed by the insurer or the department who shall make or be present at any such examination may be required to testify as to the results thereof.

. . .

Young maintains that forcing her to submit to an examination by the panel selected by the insurer in effect violates her right to counsel. The right to counsel is a right of criminal defendants, not civil litigants. See U.S. Const., Amend. VI and XIV; Mont. Const., Art. II, § 24.

Young also argues that she did not refuse to be examined by all panels and that other equally qualified panels are available. However, under the plain language of the statute, a claimant does not have the right to choose a panel. The insurer has that right, and bears responsibility for paying for the panel.

In her brief, Young sets forth hypothetical situations in which she argues a workers' compensation claimant should have a

4

right to substitution of the panel chosen by the insurer. Young may wish to address those arguments to the legislature, in support of future revision of the statutes on this subject. As the law now stands, we agree with the Workers' Compensation Court that § 39-71-605, MCA, clearly gives the insurer the right to a physician or panel of its own choosing.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5